WILLIAM SMALL & als. *versus* NATHAN S. LUFKIN & als., *Appellants.*

The assessors of organized plantations are subject to the performance of the duties devolving on the municipal officers of towns in relation to perambulation.

ON EXCEPTIONS.

DEBT, by the municipal officers of the town of Fort Fairfield, against the assessors of an organized plantation called Eaton Grant, for neglecting, after due notice, to perambulate the line between the said town and plantation.  The action was returnable before a trial justice, and went by appeal to the S. J. Court.  At the trial at *nisi prius*, the presiding Judge ruled, *pro forma*, that the action was not maintainable against the assessors of plantations, and the plaintiffs thereupon alleged exceptions.

*C. M. Herrin*, for the plaintiffs.

*Charles Hamlin & John B. Trafton*, for the defendants.

APPLETON, C. J.,—This is an action brought by the plaintiffs, municipal officers of the town of Fort Fairfield, against the defendants, assessors of the plantation of Eaton

Grant, under the provisions of R. S., c. 3, § 28, for neglecting their duty in reference to the perambulation of Fort Fairfield.

By R. S., c. 3, § 28, provision is made for the perambulation of towns, and a penalty is imposed upon the officers of a town neglecting, after due notice, to perform the duties imposed by this section upon them.

By R. S., c. 1, § 4, Rule 17, " the word town includes cities and plantations, unless otherwise expressed or implied." By Rule 23, " the term municipal officers shall be construed to include the mayor and aldermen of cities, the selectmen of towns and the assessors of plantations.

By the Act of 1862, c. 113, § 1, the county commissioners are to determine what townships have not less than two hundred and fifty inhabitants, and make return of the same to the Secretary of State.

By § 3, — " Immediately after making the return required in the preceding 'section, said county commissioners shall cause such plantations to be organized in the manner prescribed in section seventy-five of chapter six of the Revised Statutes, and thereupon all the general laws of this State, applicable to organized plantations, shall be in force and apply to the plantations to which this Act relates."

In 1865, by c. 320, the Act of 1862, c. 113, § 3, just cited, was amended by the following words :—"And any prior organization of any such plantation for election purposes shall cease to have any legal effects ; and the officers chosen, under the organization provided for in this section, shall, as soon as may be, be qualified to discharge the duties of their respective offices ; and, for failure to do so, shall be subject to the penalties provided in such case in chapter three of the Revised Statutes, for town officers."

The general rule is that " the word town includes cities and plantations, unless otherwise expressed or implied." There is nothing from which it can reasonably be implied, that plantations are not included in the general provision requiring the perambulation of towns.   There is no express

statute to the contrary. Cities are unquestionably within the purview of c. 3, § 28. But the rule equally applies to cities and plantations. If the former are embraced, so are the latter. The importance of perambulation is as great when lines of plantations as when lines of towns or cities are to be run. The necessity is as great in the one case as in the other. The duties and obligations of plantations are almost identical with those of towns. It is as desirable that the boundaries of plantations should be defined and ascertained as those of towns, and we think the Legislature intended that both should be governed by the same law. It follows that the municipal officers of organized plantations are subject to the performance of the duties devolving on the municipal officers of towns in relation to perambulation.

*Exceptions sustained.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.